**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**KENNETH WEST,**

**Petitioner,**

*- against -*

**MICHAEL SHEAHAN, Superintendent,**

**Respondent.**

**12cv8270 (NSR)(LMS)**

**OPINION AND ORDER**

**Lisa Margaret Smith, U.S.M.J.**[1]

Petitioner Kenneth West, proceeding pro se, commenced the instant habeas proceeding, pursuant to 28 U.S.C. § 2254, on October 18, 2012. Docket Entry (hereinafter "D.E.") 2, Petition at 6-11. Through his habeas petition (hereinafter "Petition"), petitioner challenges his March 4, 2009, state court conviction. Now before the Court is petitioner's December 16, 2013, motion, which is labeled as one seeking reconsideration of a prior order. D.E. 26. As explained below, the submission is more appropriately characterized as a motion for a stay. For the following reasons, the motion is denied.

## I. Introduction

At the conclusion of a trial in New York State County Court, Westchester County (Zambelli, J.), a jury found petitioner guilty of three counts of murder in the second degree, stemming from the death of Josephine O'Keefe. Id. at 1; D.E. 15, Respondent's Affid. at 10. The jury acquitted petitioner of a fourth count of murder, which concerned a separate, unrelated victim. Id. On April 21, 2009, the County Court Judge sentenced petitioner to three concurrent

[1] This matter has been referred to me pursuant to 28 U.S.C. § 636 for habeas corpus purposes. Docket Entry 9.

terms of twenty-five years to life in prison. Id. at 2; D.E. 2, Petition at 1.

Petitioner appealed from the judgment of conviction, arguing that (1) the County Court Judge improperly permitted opinion testimony that the murder of O'Keefe was "sex related"; (2) the County Court Judge erred when she did not sever the counts as to the two victims; (3) the prosecutor made certain remarks during summation that deprived petitioner of a fair trial; (4) the County Court Judge erroneously excluded certain prior statements of an unavailable witness, which would have implicated a third party in the murder of O'Keefe; and (5) the verdict was against the weight of the evidence. D.E. 20, Appellant's Brief at 1. On July 12, 2011, the Second Department of the New York State Supreme Court, Appellate Division, affirmed the judgment of conviction. People v. West, 86 AD3d 583 (2d Dept. 2011). The Court held the petitioner's first, second, and fifth contentions lacked merit. Id. It stated that his third and fourth arguments were unpreserved for review, and, in any event, lacked merit. Id. Petitioner asked the New York State Court of Appeals for leave to appeal, raising only the first and second arguments contained in his appellate brief. Memo. in Opp., Exh. 5, Gandolfo Letter. On November 28, 2011, the New York State Court of Appeals denied petitioner's motion for leave to appeal. People v. West, 17 NY3d 956 (2011).

On October 18, 2012, petitioner commenced the instant habeas corpus proceeding, raising four claims: (1) there was not legally sufficient evidence in the record to support the conviction; (2) petitioner's trial counsel failed to provide him with effective legal assistance because he failed to raise certain objections and admit certain evidence; (3) the County Court Judge improperly excluded evidence that inculpated a third party in the murder of O'Keefe; and

(4) petitioner was improperly denied access to the trial transcripts.[2] D.E. 2, Petition at 6-11.

On November 30, 2012, Petitioner moved for a stay of this habeas proceeding so that he could obtain a copy of the trial transcripts, and file in state court either a motion pursuant to N.Y. Crim. Proc. L. § 440 or an application for a writ of error coram nobis. Petitioner, through such state collateral attacks, sought to raise the following arguments: (1) ineffective assistance of appellate counsel; (2) any other claims not contained in his Petition that he discovered after review of the trial transcripts; and (3) claims one (legally insufficient evidence to support the verdict) and two (ineffective assistance of trial counsel) of the Petition. D.E. 13, Petitioner's Declaration.

By Order dated June 4, 2013, the Court denied the motion for a stay, holding that the ineffective assistance of appellate counsel claim had not been raised in the Petition, and, consequently, it was not available as grounds for a stay. D.E. 18, Order at 5-6. As to petitioner's second basis for the requested stay, the Court explained that unstated potential claims not already in the Petition were inappropriate bases for a stay. Id. Finally, the Court concluded that a stay was not warranted for purposes of exhausting claims one and two in the Petition because both claims were unexhausted, as well as procedurally defaulted, and Petitioner had not established cause for the failure to exhaust. Id.

On December 20, 2013, petitioner filed the instant motion, which he labeled as one seeking reconsideration of the June 4, 2013, Order. D.E. 26, Motion for Reconsideration. The State opposes the motion. D.E. 27, Affid. in Opp.

---

[2] In its June 4, 2013, Order, which denied petitioner's prior motion for a stay, the Court construed petitioner's fourth claim as a request to obtain a copy of the trial transcripts, rather than an independent claim of constitutional error. D.E. 18, Order at 4.

## II. Discussion

In reality, petitioner's motion is a new motion for a stay, and, recognizing its duty to construe pro se submissions liberally, see McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999); Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (application submitted by pro se petitioner should be "read liberally and should be interpreted to raise the strongest arguments that [it] suggests" (internal quotations and citation omitted)); Haines v. Kemer, 404 U.S. 519, 520-21 (1972) (per curiam) (pro se allegations contained in habeas corpus petitions should be liberally construed), the Court will construe the motion as such.

In substance, petitioner asks for a stay so that he may raise the following claims in state court, either by motion pursuant to N.Y. Crim. Proc. Law § 440.10, or through an application for a writ of error coram nobis: (1) petitioner's trial counsel failed to render effective legal assistance because counsel did not successfully admit at trial evidence that a third party was the culprit of the murder; (2) petitioner's appellate counsel did not provide him with effective legal assistance because counsel failed to argue that petitioner's trial counsel was ineffective when trial counsel failed to admit at trial evidence that a third party was responsible for the charged crimes; and (3) petitioner's appellate counsel failed to render effective legal assistance because appellate counsel did not argue on appeal that petitioner's trial counsel was ineffective for failing to challenge the legal sufficiency of the evidence supporting the conviction.[3] D.E. 26, Petitioner's Mot. for Reconsideration at 1-6. By letter dated February 5, 2014, petitioner adds that he would like the instant proceeding stayed so that he may raise a freestanding "actual innocence" claim in state

[3] Petitioner acknowledges that the first and second claims in the Petition are unexhausted, and he asks for a stay to properly exhaust the claims in state court. However, as discussed in the Court's June 4, 2013, Order, both claims are procedurally defaulted and, thus, they are not a proper basis for a stay.

court, citing a recent decision by the Second Department of the New York State Supreme Court, Appellate Division, People v. Hamilton, 115 AD3d 12 (2d Dept. 2014), which, according to petitioner, recognized such a claim under the New York State Constitution. D.E. 28, Letter.

In opposition, respondent generally argues that the motion does not meet the standard necessary for reconsideration of a prior holding. D.E. 27, Affid. in Opp. at 4-8.

**A. The Standard for a Stay of a Federal Habeas Proceeding**

To be granted a writ of habeas corpus from a federal district court, a petitioner must fully and carefully comply with the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), 28 U.S.C. § 2254. Under AEDPA, a habeas petitioner challenging his or her state conviction must exhaust all state court remedies for his or her claims before a federal court may consider them. 28 U.S.C. § 2254(b)(1)(A); see also Picard v. Connor, 404 U.S. 270, 275 (1971). Exhaustion is required because, in the interests of comity and expeditious federal review, "[s]tates should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." See Coleman v. Thompson, 501 U.S. 722, 731 (1991); see also Daye v. Attorney Gen. of the State of New York, 696 F.2d 186, 190-91 (2d Cir. 1982). The exhaustion requirement of the federal habeas corpus statute is set forth in 28 U.S.C. § 2254:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. . . .

> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)(1), (c).

The Second Circuit has adopted a two-stage inquiry to determine whether a claim has been sufficiently exhausted. See Klein v. Harris, 667 F.2d 274, 282 (2d Cir. 1981). First, the petitioner must have "fairly presented" his or her federal constitutional claim to the appropriate state courts. Picard, 404 U.S. at 275-76. "A claim has been 'fairly presented' if the state courts are apprised of 'both the factual and the legal premises of the claim [the petitioner] asserts in federal court.' " Jones v. Vacco, 126 F.3d 408, 413 (2d Cir. 1997) (quoting Daye, 696 F.2d at 191). In other words, the claim must have been presented in a way that is "likely to alert the court to [its] federal nature." Daye, 696 F.2d at 192.

Second, having fairly presented his or her federal constitutional claim to the appropriate state court and having been denied relief, the petitioner must appeal his or her conviction to the highest state court. See Klein, 667 F.2d at 282. Otherwise, the claim cannot be considered exhausted. Id. A petitioner who fails to exhaust state remedies by pursuing a direct appeal may however satisfy the exhaustion requirement by utilizing available state methods for collaterally attacking his or her state conviction. See id.; see also Johnson v. Metz, 609 F.2d 1052, 1055-56 (2d Cir. 1979) (instructing habeas petitioner who did not fairly present his claim in the course of his direct appeals in New York state courts to proceed by filing a motion to vacate judgment pursuant to C.P.L. § 440.10). If collateral relief is denied, the petitioner may satisfy the exhaustion requirement by employing the state appellate procedures available for review of such denial. Klein, 667 F.2d at 282-83.

When a timely habeas petition contains both exhausted and unexhausted claims,

otherwise known as a "mixed petition," the federal court has discretion to stay the habeas proceeding to permit the petitioner to exhaust his or her unexhausted claims in state court. See Rhines v. Weber, 544 U.S. 269, 277 (2005). The stay enables the petitioner to comply with AEDPA's exhaustion requirements as well as its statute of limitations. Under AEDPA, a petitioner has one year from the date his or her state court conviction becomes final to file a habeas petition in federal court. 28 U.S.C. § 2244(d)(1). The statute of limitations begins to run on the date the state courts have concluded direct review or the time for seeking such review has expired. Id. If a district court were to simply dismiss a mixed petition in its entirety after the expiration of the AEDPA limitations period, the petitioner, following exhaustion of the unexhausted claims, would be time-barred from ever returning to federal court to litigate even those claims that were exhausted in the original habeas filing. Thus, by instead staying the habeas proceeding, the federal court enables the habeas petitioner to exhaust any unexhausted claims in the petition and then return to federal court. See Rhines, 544 U.S. at 276-77.

Because overuse of the stay would be at odds with AEDPA's purposes of promoting the finality of state court judgments and "streamlining" the federal habeas process, a stay should only be granted in "limited circumstances." Id. at 277. Specifically, a stay should only be granted where "good cause" exists for petitioner's failure to exhaust all of his or her claims in state court prior to commencing the habeas proceeding, and where the unexhausted claims are not "plainly meritless." Id.

Here, neither the Petition nor the instant motion accord with the situation amenable to a stay, as described in Rhines. First, the Petition is not one of the mixed variety; it contains only unexhausted claims. As detailed in the Court's June 4, 2013, Order, the first two claims contained in the Petition – (1) that the verdict was not supported by legally sufficient evidence

and (2) that petitioner did not receive the effective assistance of trial counsel when his attorney failed to admit certain evidence at trial and failed to raise certain objections – have not been raised to New York's highest court, either through direct appeal or collateral attack, meaning that they are unexhausted. Although petitioner raised the third claim in the Petition – that the County Court Judge erroneously excluded evidence of third party culpability – on direct appeal to the Appellate Division, he did not include it in his motion for leave to appeal at the New York State Court of Appeals. Memo. in Opp., Exh. 5, Gandolfo Letter. His application for leave to appeal instead invoked two other claims that had been raised before the Appellate Division. Therefore, his claim concerning evidence of third-party culpability is also unexhausted. See Valverde v. Ercole, 06cv5042 (KMK) (PED), 2010 WL 2812965, *3 (S.D.N.Y. May 7, 2010) (citing Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991), report and recommendation adopted by 2010 WL 2812975 (S.D.N.Y. July 16, 2010). "When a petition contains only unexhausted claims, the case law is clear that our Court has no jurisdiction to stay the petition." Polanco v. Ercole, No. 06cv1721 (RMB) (DFE), 2007 WL 2192054, *8 (S.D.N.Y. July 31, 2007) (citing Shomo v. Maher, 04cv4149 (KMK), 2005 WL 743156, *7 n 12 (S.D.N.Y. Mar. 31, 2005) ("While a stay might permit Shomo the opportunity to exhaust his state claims without risk that his petition would be time barred, there is no basis to retain jurisdiction over a petition that contains only unexhausted claims.")); see Gordon v. Lavalley, 13cv4401 (ALC) (AJP), 2014 WL 888468, *11 (S.D.N.Y. Mar. 6, 2014) (stay not warranted where "[t]here is no exhausted claim to stay . . .").

Furthermore, petitioner does not seek a stay in order to exhaust the unexhausted claims already contained in the Petition, but, rather, to exhaust entirely new claims, which he will assuredly later seek to include in the petition through amendment. This is plainly beyond the limited circumstances in which a stay is permitted.

## III. Conclusion

For the reasons stated above, petitioner's motion for reconsideration, construed by the Court as a motion for a stay, is denied.

Dated: September 18, 2014
       White Plains, New York

SO ORDERED,

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

A copy of the foregoing Opinion and Order has been sent to the following:

Kenneth West
09-A-2183
Five Points Correctional Facility, 8 Block-C2-39T,
State Route 96
P.O. Box 119
Romulus, NY 14541

Lisa M. Denig
Westchester County District Attorney's Office
111 Dr. Martin Luther King, Jr., Blvd.,
White Plains, NY 10601

Case 7:12-cv-08270-NSR-LMS   Document 31   Filed 09/18/14   Page 10 of 10