Copy mailed to pro se party.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH WEST,

      Petitioner,

   - *against* -

MICHAEL SHEAHAN, Superintendent,

      Respondent.

12cv8270 (NSR)(LMS)

**<u>REPORT AND</u>**
**<u>RECOMMENDATION</u>**

**TO: THE HONORABLE NELSON S. ROMÁN, U.S.D.J.** [1]

  On October 18, 2012, Petitioner <u>pro se</u> Kenneth West filed a habeas petition, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his 2009 state court conviction for three counts of murder in the second degree (one count of intentional murder, N.Y. Penal L. § 125.25(1), and two counts of felony murder, N.Y. Penal L. § 125.25(3)). Pet. at 1, Oct. 18, 2012, ECF No. 2; Resp't's Aff. at 1, 10, Aug. 2, 2013, ECF No. 19.[2] He was sentenced on April 21, 2009, to three concurrent terms of twenty-five years to life in prison. Pet. at 1; Resp't's Aff. at 2. Petitioner raises four claims in this Petition: (1) the evidence at trial was legally insufficient to support the verdict; (2) Petitioner received ineffective assistance of trial counsel; (3) the county court judge erred in excluding evidence inculpating a third party; and (4) Petitioner was denied access to trial transcripts. Pet. at 6-11.

---

 [1] This matter has been referred to me pursuant to 28 U.S.C. § 636 for habeas corpus purposes. Order, Jan. 28, 2013, ECF No. 9.

 [2] Unless otherwise indicated, "Resp't's Aff." refers to Respondent's Affidavit in Opposition to Petition for a Writ of Habeas Corpus, Aug. 2, 2013, ECF No. 19.

For the following reasons, I conclude, and respectfully recommend that Your Honor
should conclude, that this Petition should be dismissed in its entirety.

## I. BACKGROUND

Petitioner is currently serving three concurrent prison sentences of twenty-five years to
life for the murder of Josephine O'Keefe. Pet. at 1; Resp't's Aff. at 10. On July 18, 1983,
O'Keefe was found in her Pelham, New York, apartment, lying naked in her bedroom, and
strangled to death by a dog leash. Resp't's Aff. at 3-4. O'Keefe had been sexually assaulted.
The living room window was open, the window screen was lying on the fire escape, and a plant
that normally sat on the radiator in front of the window had been knocked to the floor. Id. Law
enforcement officials conducted forensic tests and a number of interviews. Id. at 4-5. The
police interviewed an individual named Joseph Winkler, who provided statements implicating
another individual, Brian Kearney, as the perpetrator of O'Keefe's murder. Resp't's Br. at 60-75,
Resp't's Affirm. Ex. 3; Resp't's Affirm. at 10. However, Kearney was later excluded as the
source of the sperm found inside of O'Keefe and the fingerprints found inside of her apartment.
Resp't's Affirm. at 10.

Although DNA testing did not exist in 1983, evidence including vaginal and rectal swabs
and fingerprints from the crime scene was preserved so that it would be available for retesting in
the future when new forensic technology would become available. Id. at 6. In 1996, with the
use of a new DNA testing technique, and at the request of Westchester County Department of
Laboratories and Research ("Westchester County Laboratory"), a DNA testing laboratory
generated a DNA profile from the sperm in the vaginal swab, which indicated that the sperm was
from a single male donor. Id. In 2002, utilizing a more advanced DNA testing technique, the

2

Westchester County Laboratory generated a more complete DNA profile which was entered into CODIS (Combined DNA Index System).  On July 30, 2007, the Westchester County Laboratory learned that the DNA profile matched the DNA of Petitioner.[3]  Id. at 6.  At the time of the murder, Petitioner was nineteen years old and worked in a tackle shop on the ground floor of O'Keefe's apartment building.  Id. at 7.

On March 20, 2008, Petitioner was charged with four counts of murder in the second degree.  Id. at 9.  Three of those counts stemmed from the murder of O'Keefe—one count of intentional murder and two counts of felony murder.  Id.  The fourth count involved a second, unrelated victim.  Id.

## II. PROCEDURAL HISTORY

On April 21, 2009, upon a jury verdict finding Petitioner guilty of the three counts of second degree murder which concerned the death of O'Keefe, and acquitting Petitioner of the fourth count which concerned the other victim, the County Court Judge rendered a judgment convicting Petitioner of three counts of second degree murder, and sentenced Petitioner to three concurrent terms of twenty-five years to life in prison.  Pet. at 1; Resp't's Aff. at 10.

Petitioner appealed the judgment to the Second Department of the New York State Supreme Court, Appellate Division.  Appellant's Br. at 1, Resp't's Affirm. Ex. 2.  He asserted that: (1) the county court judge erred in allowing expert testimony that the murder was "sex related"; (2) the county court judge erred in not severing the counts as to the two victims; (3) the prosecutor's improper remarks during summation deprived Petitioner of a fair trial; (4) the

---

[3] Defendant had submitted DNA to be entered into CODIS after serving an indeterminate imprisonment term for a 1994 conviction of first degree manslaughter.  Resp't's Br. at 2, Resp't's Affirm. Ex. 3.

county court judge erred in excluding prior statements of an unavailable witness, which would have implicated a third party in the murder of O'Keefe; and (5) the verdict was against the weight of the evidence. Id. at 2.

On July 12, 2011, the Appellate Division affirmed the judgment. People v. West, 86 A.D.3d 583 (2d Dept. 2011). The Appellate Division held that Petitioner's first, second, and fifth arguments lacked merit, and that Petitioner's third and fourth arguments were unpreserved for review, and, in any event, lacked merit. Id. Petitioner sought leave to appeal the Appellate Divisions' decision as to Petitioner's first and second arguments, and the New York State Court of Appeals denied that application on November 28, 2011. People v. West, 17 N.Y.3d 956 (2011).

On October 18, 2012, Petitioner filed the instant federal habeas corpus petition, which, as stated above, raises four claims: (1) the evidence at trial was legally insufficient to support the verdict; (2) Petitioner received ineffective assistance of trial counsel; (3) the county court judge erred in excluding evidence that inculpated Kearney in the murder; and (4) Petitioner was denied access to trial transcripts. Pet. 6-11.

On November 30, 2012, Petitioner moved for a stay and abeyance ("Motion for a Stay") of his habeas petition so that he could have time to obtain a copy of the trial transcripts, and file in state court either a motion pursuant to N.Y. Crim. Proc. L. § 440 or an application for a writ of error coram nobis. Mot. for Stay, Nov. 30, 2012, ECF No. 13. Petitioner sought to exhaust the following arguments in state court: (1) ineffective assistance of appellate counsel; (2) any other claims not contained in his Petition that he discovers after reviewing the trial transcripts; and (3) claims one (insufficient evidence) and two (ineffective assistance of trial counsel) in his Petition. Pet'r's Decl. at 4-5, Mot. for Stay; Order, June 3, 2013, ECF No. 18. Respondent opposed the

Motion for a Stay.  Opp. to Mot. for Stay, Feb. 15, 2013, ECF Nos. 15-16.

On June 3, 2013, the Court denied the Motion for a Stay.  Order, June 3, 2013, ECF No. 18.  The Court found that the ineffective assistance of appellate counsel claim had not been raised in the Petition, and consequently, it was not available as a basis for a stay.  Id. at 5-6.  In addition, the Court found that any other unstated potential claims not already in the Petition were unavailable as grounds for a stay.  Id.  The Court also concluded that a stay was not warranted for purposes of exhausting claims one and two in the Petition because both claims were unexhausted and procedurally defaulted in state court.  The Court further found that Petitioner had not established cause for failing to exhaust these two claims.  Id.

On August 2, 2013, Respondent filed an opposition to Petitioner's habeas petition.  Opp. to Pet., Aug. 2, 2013, ECF Nos. 19-20.  Thereafter, the Court granted Petitioner an extension to file his reply to Respondent's opposition by October 18, 2013.  Order, Sept. 12, 2013, ECF No. 25.  Petitioner filed a reply on October 17, 2013.  Reply, Oct. 17, 2013, ECF No. 32.

A status conference was held on November 1, 2013, during which the Court granted Petitioner an opportunity to file any additional submissions that he wished to file.  Minute Entry, Nov. 1, 2013.  On December 20, 2013, Petitioner filed a Motion for Reconsideration of the Court's June 3, 2013, Order denying his request for a stay.  Mot. for Reconsideration, Dec. 16, 2013, ECF No. 26.  Respondent opposed the Motion for Reconsideration.  Opp. to Mot. for Reconsideration, Jan. 9, 2014, ECF No. 27.  On February 5, 2014, Petitioner filed a supplemental argument in support of the Motion for Reconsideration.  Pet'r's Letter, Feb. 5, 2014, ECF No. 28.  Petitioner stated that he wished to raise an "actual innocence" claim by way of a § 440.10 motion in state court.  Id.  On April 24, 2014, Petitioner notified the Court that he filed a § 440.10 motion with the Westchester County Court on April 16, 2014.

The Court construed Petitioner's Motion for Reconsideration in its strongest light as a new motion for a stay of the Petition while he sought to raise the following arguments in state court, either by motion pursuant to N.Y. Crim. Proc. Law § 440.10, or by application for a writ of error coram nobis: (1) that Petitioner's trial counsel failed to render effective legal assistance because counsel did not successfully introduce at trial evidence that Kearney was the culprit of the murder; (2) that Petitioner's appellate counsel did not provide him with effective legal assistance because counsel failed to argue that Petitioner's trial counsel was ineffective for failing to introduce at trial evidence that Kearney was responsible for the charged crimes; and (3) that Petitioner's appellate counsel rendered ineffective legal assistance because counsel failed to raise a claim on appeal that Petitioner's trial counsel was ineffective for failing to challenge the legal sufficiency of the evidence supporting the conviction. Mot. for Reconsideration at 1-6; Order at 4, Sept. 18, 2014, ECF No. 31. The Court denied Petitioner's new motion for a stay based on a finding that the Petition consisted of only unexhausted claims, and the Court therefore did not have jurisdiction to stay the petition, and that Petitioner requested the stay in order to exhaust entirely new claims that were not asserted in his habeas petition. Order at 7-8, Sept. 18, 2014.

### III. DISCUSSION

**A.**     **Legal Standard**

"Habeas review is an extraordinary remedy." Bousley v. United States, 523 U.S. 614, 621 (1998) (citing Reed v. Farley, 512 U.S. 339, 354 (1994)). To be granted a writ of habeas corpus from a federal district court, a petitioner must fully and carefully comply with the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.

1.     **Exhaustion**

Under the AEDPA, all state remedies must be exhausted before a federal court may

consider a state prisoner's petition for a writ of habeas corpus.  28 U.S.C. § 2254(b)(1)(A); see

also Picard v. Connor, 404 U.S. 270, 275 (1971).  In the interests of comity and expeditious

federal review, "'[s]tates should have the first opportunity to address and correct alleged

violations of [a] state prisoner's federal rights."  See Coleman v. Thompson, 501 U.S. 722, 731

(1991); see also Daye v. Attorney Gen. of New York, 696 F.2d 186, 190-91 (2d Cir. 1982).  The

exhaustion requirement of the federal habeas corpus statute is set forth in 28 U.S.C. § 2254(b),

(c):

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted unless it appears
> that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the
>> State; or
>> (B) (i) there is an absence of available State corrective process; or
>>     (ii) circumstances exist that render such process ineffective to protect
>> the rights of the applicant.
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in
> the courts of the State, within the meaning of this section, if he [or she] has the
> right under the law of the State to raise, by any available procedure, the question
> presented.

28 U.S.C. § 2254(b), (c).

The Second Circuit has adopted a two-stage inquiry to determine whether the exhaustion

doctrine has been satisfied.  See Klein v. Harris, 667 F.2d 274, 282 (2d Cir. 1981).  First, the

petitioner must have "fairly presented" his or her federal constitutional claim to the appropriate

state courts.  Picard, 404 U.S. at 275-76.  "A claim has been 'fairly presented' if the state courts

are apprised of 'both the factual and the legal premises of the claim [the petitioner] asserts in federal court.'" Jones v. Vacco, 126 F.3d 408, 413 (2d Cir. 1997) (quoting Daye, 696 F.2d at 191). In other words, the claim must have been presented in a way that is "likely to alert the court to [its] federal nature." Daye, 696 F.2d at 192. The fair presentation requirement is satisfied if the state court brief contains phrases, such as "under the due process clause" or "under the Constitution," that point to the petitioner's reliance on the United States Constitution as his or her legal basis for relief. Klein, 667 F.2d at 282 (internal citations omitted). Second, having fairly presented his or her federal constitutional claim to the appropriate state court and having been denied relief, the petitioner must appeal his or her conviction to the highest state court. Klein, 667 F.2d at 282. Where a petitioner fails to present his or her federal constitutional claim to the highest state court, the claim cannot be considered exhausted. Id. (citing Williams v. Greco, 442 F. Supp. 831, 833 (S.D.N.Y.1977)).

### 2.    **Procedural Default**

A petition containing only unexhausted claims, may be dismissed without prejudice to allow the petitioner to exhaust the claims in state court and then return to federal court. Shomo v. Maher, 2005 WL 743156 (S.D.N.Y. Mar.31, 2005). This decision is grounded in the idea that the state has "independent and adequate state grounds" for such a dismissal and federal courts are ever mindful of the notions of "comity and federalism." Harris v. Reed, 489 U.S. 255, 260 (1989). "However, where the petitioner no longer has remedies available in the state courts under 28 U.S.C. § 2254(b), the habeas court will deem the claims to be exhausted, rather than requiring the petitioner to go through the futile process of seeking further state review." Kalu v. New York, 08-CV-4984 NGG, 2009 WL 7063100, at *7 (E.D.N.Y. Sept. 15, 2009); see Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001); Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994).

8

"This apparent salve, however, proves to be cold comfort to most petitioners because it has been held that when the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, federal habeas courts also must deem the claims procedurally defaulted." <u>Aparicio</u>, 269 F.3d at 90 (internal quotation marks omitted). The only exception to this bar on federal review is where a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." <u>Coleman</u>, 501 U.S. at 750.

**B.      <u>Application of Law to Instant Petition</u>**

The instant petition contains four claims. The first three are unexhausted. The Court's June 3, 2013, Order found that the first two claims in the Petition (insufficiency of the evidence and ineffective assistance of trial counsel) were unexhausted because they were not raised on direct appeal. Order at 6-8, June 3, 2013. The Court's September 18, 2014, Order found that Petitioner's third claim, that the trial court erred in excluding evidence of third party culpability, was also unexhausted. Order at 8, Sept. 18, 2014. This claim was raised on direct appeal to the Second Department of the New York State Supreme Court, Appellate Division, but was omitted from the application for leave to appeal therefrom. Resp't's Affirm. Ex. 6. This Court therefore found that the third claim was also unexhausted. Order at 8, Sept. 18, 2014. The fourth claim was disposed of by the Court's June 3, 2013, Order, which construed the fourth claim as a request to obtain a copy of the trial transcripts so that Petitioner could develop claims one through three, rather than an independent claim of Constitutional error. Order at 8-9, June 3, 2013. The Court denied without prejudice Petitioner's request for Respondents to produce the

9

transcripts. Id. Petitioner has not renewed his motion for a copy of the trial transcripts.

The Court's June 3, 2013, Order ruled that Petitioner's first two claims were procedurally defaulted in state court, and that Petitioner had not demonstrated cause for his failure to exhaust these two claims in state court. Order at 6-7, June 3, 2013. To the extent that Petitioner's supplemental argument to his Motion for Reconsideration can be construed as making an actual innocence claim to support a finding of a fundamental miscarriage of justice should this Court fail to consider these two claims in his habeas petition, Petitioner has not demonstrated that his actual innocence claim is credible and compelling.

A petitioner may demonstrate the fundamental miscarriage of justice exception to the bar on federal review by raising a claim that he or she is actually innocent. Doe v. Menefee, 391 F3d 147, 161 (2d Cir 2004). An actual innocence claim must be both "credible" and "compelling." Rivas v. Fischer, 687 F.3d 514, 541 (2d Cir. 2012) (citing House v. Bell, 547 U.S. 518, 521 (2006)).

> For the claim to be "credible," it must be supported by "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup [v. Delo], 513 U.S. [298], 324 [(1995)]; see also House, 547 U.S. at 537, 126 S. Ct. 2064. For the claim to be "compelling," the petitioner must demonstrate that "more likely than not, in light of the new evidence, no reasonable juror would find him [or her] guilty beyond a reasonable doubt—or to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." House, 547 U.S. at 538, 126 S. Ct. 2064.

Rivas, 687 F.3d at 541.

Here, Petitioner has not presented any new reliable evidence that was not presented at trial. Petitioner has not produced any new scientific evidence exculpating himself or inculpating a third party. Petitioner also has not produced any new trustworthy witness accounts or any new physical evidence. Petitioner argues that he was improperly precluded from introducing

10

evidence of third-party culpability. Reply at 1-4. However, the third-party culpability evidence that Petitioner refers to, regarding evidence implicating Kearney (see Reply at 7-8), was presented to the state trial court and that court denied Petitioner's application to introduce the evidence. Resp't's Br. at 62, Resp't's Affirm. Ex. 3. The Appellate Division found that Petitioner's appeal of the state trial court's decision to preclude the evidence was unpreserved, and in any event, that it did not have merit because the evidence was either lacking in probative value or inadmissible as hearsay. West, 86 A.D.3d at 584-85. Because Petitioner has not proffered any new evidence that was not previously presented at trial, he fails to establish an actual innocence claim. For these reasons, the first and second claims in the Petition are procedurally defaulted for purposes of federal habeas review and must be dismissed.

The third claim, which is that the trial court erred in precluding evidence of third party culpability, is also procedurally defaulted for purposes of federal habeas review. As stated above, the Appellate Division had found that this claim was unpreserved for review but had held, in any event, that the claim lacked merit. When a state court finds that a claim is "not preserved for appellate review" but rules on the merits "in any event," the claim is procedurally defaulted and barred from federal habeas review. Fama v. Comm'r of Correctional Services, 235 F.3d 804, 810 n.4 (2d Cir. 2000). Additionally, Petitioner did not raise this claim in his application for leave to appeal to the Court of Appeals. See Resp't's Affirm. Ex. 6. Therefore, even if the Appellate Division's decision were construed as a judgment on the merits of Petitioner's third claim, New York law precludes Petitioner from now raising this claim to the New York Court of Appeals. First, he cannot again seek leave to appeal this claim in the Court of Appeals because he has already made the one direct appeal to which he is entitled. See N.Y. Court Rules § 500.10(a). Second, Petitioner cannot seek collateral review of this claim, having already raised

11

this claim on direct appeal and received a judgment on the merits. See N.Y. Crim. Proc. L. § 440.10(2)(a). Thus, this claim should be deemed exhausted, because Petitioner has no more available remedies in state court. See Grey v. Hoke, 933 F.2d 191, 120 (2d Cir. 1991). Because this claim was procedurally defaulted in state court, this Court must also deem the claim procedurally defaulted for purposes of federal habeas review, unless Petitioner can demonstrate cause for the procedural default and prejudice resulting therefrom, or that the fundamental miscarriage of justice exception applies. See Coleman, 501 U.S. at 735 n.1; Aparicio, 269 F.3d at 90.

Petitioner has not demonstrated cause for procedurally defaulting on this claim. Petitioner cites ineffective assistance of trial counsel and appellate counsel as causes for his failure to exhaust his claim. Mot. for Reconsideration at 1-2. However, any claim by Petitioner asserting that ineffective assistance of trial counsel was cause for Petitioner's failure to preserve the third-party culpability claim is itself procedurally defaulted. The claim for ineffective assistance of trial counsel for failing to preserve the third-party culpability claim could have been raised on direct appeal, but it was not. Because this would have been an on-the-record claim, and Petitioner did not assert this claim in his direct appeal, Petitioner is procedurally barred from raising this claim. N.Y. Crim. Proc. L. § 440.10(2). Petitioner argues that ineffective assistance of appellate counsel caused him to default on his ineffective assistance of trial counsel claim. Mot. for Reconsideration at 4-5. "[I]neffective assistance of appellate counsel claims cannot constitute cause for procedural default unless first presented in state court as an independent constitutional claim." DiSimone v. Phillips, 461 F.3d 181, 191 (2d Cir. 2006).

Although Petitioner has notified the Court that he filed a new § 440.10 motion,[4] Petitioner has

not presented and fully exhausted in state court a claim for ineffective assistance of appellate

counsel.  In addition, as discussed supra, Petitioner has not sufficiently supported an actual

innocence claim to demonstrate that a fundamental miscarriage of justice would occur should the

Court fail to review the claims in his habeas petition.  Therefore, the third claim in the Petition is

procedurally defaulted for purposes of federal review and must also be dismissed.

In sum, Petitioner's three claims in his Petition are procedurally barred from federal

review.  Petitioner has not established cause for failure to exhaust the claims, and he has not

demonstrated that a fundamental miscarriage of justice would occur should the Court fail to

review the claims.  Accordingly, I recommend that the Petition be dismissed.

### IV. CONCLUSION

For the foregoing reasons, I conclude, and respectfully recommend that Your Honor

should conclude, that the instant petition should be dismissed.

### V. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties

shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d),

or a total of seventeen (17) working days, see Fed. R. Civ. P. 6(a), from the date hereof, to file

written objections to this Report and Recommendation.  Such objections, if any, shall be filed

with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Nelson

---

[4] It is unclear based on Petitioner's letter dated March 16, 2014 (ECF No. 29), and Affidavit of Service dated April 24, 2014 (ECF No. 30), on what ground Petitioner made the new § 440.10 motion.  Petitioner's supplemental argument to his Motion for Reconsideration had indicated that he sought to assert an actual innocence claim by way of a § 440.10 motion in state court.  See Pet'r's Letter, Feb. 5, 2014, ECF No. 28.

S. Román, at the United States District Court, Southern District of New York, United States

Courthouse, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the

undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later

appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Román.

Dated: June 3, 2015
White Plains, NY

Respectfully submitted,

LISA MARGARET SMITH
United States Magistrate Judge
Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:

The Honorable Nelson S. Román, U.S.D.J.

Kenneth West
09A2183
Five Points Correctional Facility, 8 Block-C2-39T,
State Route 96
P.O. Box 119
Romulus, NY 14541

John James Sergi
Westchester County District Attorney's Office
111 Dr. Martin Luther King, Jr. Blvd.
White Plains, NY 10601

Lisa Marie Denig
Westchester County District Attorney's Office
111 Dr. Martin Luther King, Jr., Blvd.
White Plains, NY 10601