USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/4/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

KENNETH WEST,

                Plaintiff,

-against-

SUPERINTENDENT MICHAEL SHEAHAN,

                Defendant.
-------------------------------------------------------------X

12-cv-08270 (NSR)(LMS)

ORDER

NELSON S. ROMÁN, United States District Judge

    Kenneth West ("Petitioner"), an inmate at the Five Points Correctional Facility in Romulus, New York, proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Now pending before the Court is a Report and Recommendation ("R&R") issued by Magistrate Judge Lisa M. Smith, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), recommending that the petition be denied in its entirety. Petitioner has filed objections to the R&R with the Court, which reiterate certain arguments made to Judge Smith. For the following reasons, the Court adopts the R&R, and the petition is denied and dismissed. The Court presumes familiarity with the factual and procedural background of this case, the underlying criminal proceeding, and Petitioner's collateral state challenges.

## I. STANDARDS OF REVIEW

### A. Habeas Petition Reviewing a State Court Decision

    When a claim has been adjudicated on the merits in a state court proceeding, a prisoner seeking habeas relief must establish that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

Court of the United States." 28 U.S.C. § 2254(d)(1); *Cousin v. Bennett*, 511 F.3d 334, 337 (2d Cir. 2008). Any state court findings of fact are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### B. Magistrate Judge's Report and Recommendation

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. FED. R. CIV. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." FED. R. CIV. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings or recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b); *accord* FED. R. CIV. P. 72(b)(2), (3). However, a district court "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 170 (S.D.N.Y. 2003) (quoting *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000)).

To the extent a petition makes specific objections to an R&R, those parts must be reviewed *de novo*. 28 U.S.C. 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan.

2

23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5066, 2008 U.S. Dist. LEXIS 22981, at * 18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on the whether a petitioner's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

Courts "generally accord[] leniency" to objections of *pro se* litigants and construe them "to raise the strongest arguments that they suggest." *Milano v. Astrue*, No. 05 Civ. 6527 (KMW) (DCF), 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008) (internal quotations and citations omitted). However, the *pro se* party's objections "must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (quoting *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381–82 (W.D.N.Y. 1992)).

## II. HABEAS PETITION AND MAGISTRATE'S FINDINGS

Petitioner's habeas petition challenges his 2009 state court conviction by asserting four claims: (1) the evidence at trial was legally insufficient to support the verdict; (2) Petitioner received ineffective assistance of trial counsel; (3) the county court judge erred in excluding

3

evidence inculpating a third party; and (4) Petitioner was denied access to trial transcripts. (*See* Habeas Petition, ECF No. 2, 6-11).

With respect to Petitioner's first and second claims, the "insufficient evidence" and "ineffective assistance of counsel" challenges, Judge Smith found that Petitioner did not fully exhaust the claims and both claims are procedurally defaulted for purposes of habeas review.[1] Though Petitioner's Motion for Reconsideration could be construed as making an actual innocence claim to support a finding of a fundamental miscarriage of justice—and thus excuse the failure to exhaust—Judge Smith held that this claim was neither credible nor compelling. *See Rivas v. Fischer*, 687 F.3d 514, 541 (2d Cir. 2012) (holding that an actual innocence claim must be both "credible" and "compelling") (internal citations omitted).

Judge Smith likewise found that Petitioner's third claim, the error in excluding evidence claim, is also unexhausted and procedurally defaulted.[2] This claim was raised on direct appeal to the Second Department of the New York State Supreme Court, Appellate Division, but was omitted form the application for leave to appeal therefrom, and Petitioner has not demonstrated cause for the default or resulting prejudice. Moreover, Petitioner cannot seek collateral review of this claim through a § 440.10 motion because he already raised the claim on direct appeal and

---

[1] Though Petitioner filed a motion to vacate under CPL § 440.10 including the same claims, that motion has no bearing on Judge Smith's decision. The Petitioner's § 440.10 motion was denied in its entirety, and the opinion strengthens Judge Smith's conclusion that Petitioner's claims are procedurally defaulted. *See* June 10, 2015, Order of Judge Zambelli, Westchester County Court, Indictment No. 08-0372. As noted in the § 440.10 decision, Defendant's motion "is without merit" because "[a]ll of defendant's claims are a matter of record which could have been raised upon his appeal." *Id.* at 4. Because both the first and second claims were not raised on direct appeal, as the June 3 Order noted, "New York State law requires courts to deny claims in a § 440.10 motion which could have been raised on direct appeal, but were not, due to the movant's 'unjustifiable failure' to do so."

[2] *See* note 1, *supra*.

4

received a judgment on the merits. *See People v. West,* 86 A.D.3d 583, 584-85 (2011) ("The defendant's contention that the trial court erred in precluding evidence of third-party culpability at trial is unpreserved for appellate review. In any event, the proffered evidence was either lacking in probative value or inadmissible as hearsay.") (internal citations omitted).

Last, Judge Smith concluded that Petitioner's fourth claim regarding the trial transcripts was disposed of by the Court's June 3, 2013 Order, which construed the claim as a request to obtain a copy of the trial transcripts so that petitioner could develop the preceding three claims, rather than an independent claim of Constitutional error relevant for habeas review.

## III. DISCUSSION OF OBJECTIONS

Generally, under section 636(b)(1), when written objections to a magistrate's report and recommendation are timely filed, the district court judge will make a *de novo* review "of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.A. § 636(b)(1). "However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate's recommendations." *Vega v. Artuz,* No. 97CIV.3775LTSJCF, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (citing *Vargas v. Keane,* No. 93–CV–7852 (MBM), 1994 WL 693885 (S.D.N.Y. Dec.12, 1994); *Klawitter v. Chater,* No. 93–CV–0054E, 1995 WL 643367 at *1 (W.D.N.Y. Oct.18, 1995); *Murphy v. Grabo,* No. 94–CV–1684 (RSP), 1998 WL 166840 at *1 (N.D.N.Y. Apr.9, 1998)). General or conclusory objections are also reviewed strictly for clear error. *See Harris,* 2008 U.S. Dist. LEXIS 22981, at *18.

Here, petitioner objects to the R&R "in its entirety on pages 5 through 13," therefore

objecting to all of Judge Smith's legal analyses and conclusions. (Pl.'s Objection to Report and Recommendations, ECF No. 34, 1.) Petitioner has requested review of the very same issues and arguments he set forth in the habeas petition. Moreover, Petitioner offers objections that merely fall under one of two generic headings, rather than providing objections to specific analyses or facts used in the R&R. Accordingly, this Court reviews Petitioner's objections for clear error and finds none.

Where Petitioner repeats the same arguments made in his habeas petition, the Court agrees with Judge Smith's analysis as summarized above. To the extent Petitioner argues that the stay was improperly denied because of Petitioner's pending § 440.10 motion, the claims in the petition could not be heard on a § 440.10 motion (as explained above) and therefore are procedurally defaulted. Therefore, Judge Smith did not err in either (1) denying the stay, or (2) recommending denial of the habeas petition.

## CONCLUSION

For the reasons stated above, the Court adopts the Report and Recommendation in its entirety. The petition for a writ of habeas corpus is, therefore, DENIED. The Clerk of Court is directed to enter judgment accordingly and close this case.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2); *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005); *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 225, 259–60 (2d Cir. 1997). The Court certifies pursuant to 18 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in

good faith, and therefore *in forma pauperis* status is denied for the purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: January 4th, 2016  
      White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge